IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRISTOPHER L. WALKER,      )
                            )
            Plaintiff,      )
v.                          )      Civil No. 310CV526–HEH
                            )
DOVETAILS, INC., d/b/a CAPITOL )
GRANITE AND MARBLE,         )
                            )
            Defendant.      )

## MEMORANDUM OPINION

This is an action for unpaid overtime wages and damages under the Fair Labor

Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.* It is presently before the

Court on Plaintiff's Motion for Award of Attorneys' Fees and Costs. The Magistrate

Judge has entered a Report and Recommendation ("R&R"), to which Defendant has

timely objected. For the reasons stated below, Defendant's Objections will be overruled;

this Court will adopt the R&R; Plaintiff's Motion and Supplemental Motion for Award of

Attorneys' Fees and Costs will be granted in part and denied in part; and Plaintiff will be

awarded $4,000 in attorneys' fees and $573.92 in costs.

## I. BACKGROUND

In the fall of 2009, Dovetails, Inc., d/b/a/ Capitol Granite and Marble

("Defendant" or "Capitol") was under investigation by the Wage and Hour Division of

the Department of Labor ("DOL") for failure to pay overtime compensation in

accordance with the FLSA. Defendant conceded noncompliance and reached a

settlement with the DOL as to the overtime compensation owed to approximately fifteen

employees. Two of Defendant's employees—Christopher L. Walker ("Plaintiff") and Plaintiff's brother, Melvin Walker—rejected the terms of the settlement and reserved their rights to file private lawsuits.

Melvin Walker filed suit against Capitol on November 20, 2009. *See Melvin H. Walker v. Dovetails, Inc.*, No. 3:09cv735 (E.D. Va. Nov. 20, 2009). Plaintiff attempted to join Melvin Walker's suit on February 25, 2010 by filing a "Consent to Join Suit as Party Plaintiff." On June 8, 2010, Defendant "made an unconditional payment of $7,769.31 to [Plaintiff]." (Def.'s Mem. Opp'n Pl.'s Mot. Award 4 ¶ 6.) On July 23, 2010, the Honorable Richard L. Williams held that Plaintiff was not properly joined as a party plaintiff in Melvin Walker's case because Melvin Walker's case had never been certified "as a collective action of 'similarly situated' plaintiffs." (*Melvin H. Walker*, No. 3:09cv735, at Dk. No. 22, at 3.) Plaintiff instituted this action just five days later.

On August 9, 2010, Defendant served Plaintiff with an Offer of Judgment ("the Offer") pursuant to Rule 68 of the Federal Rules of Civil Procedure. The Offer provided that judgment would be taken against Defendant in favor of Plaintiff "in the amount of TEN THOUSAND DOLLARS ($10,000) (with such $10,000 subject to a credit for the amount already paid in the amount of $7,769.31 for a net amount due of $2,230.69)," plus "costs accrued to the date of service of this Offer of Judgment, including Plaintiff's reasonable attorney's fees . . . as determined by this Court on petition of Plaintiff." (Pl.'s Mot. Award Ex. A.) Plaintiff accepted the Offer on August 18, 2010, but did not file the Offer and acceptance with the Court until September 9, 2010.

Simultaneous with filing his notice of acceptance with the Court, Plaintiff filed the instant Motion for Award of Attorneys' Fees and Costs. Plaintiff calculated the attorneys' fees to be $8,010, but sought only $4,000—*i.e.*, forty percent of the $10,000 judgment—because Plaintiff's Retainer Agreement with his attorneys provided that Plaintiff would pay his attorneys forty percent of any recovery obtained in the case. Plaintiff also sought $619.68 in costs.

Defendant opposed the motion on several grounds. First, Defendant asserted that the lodestar amount, not the contingency-fee agreement, is the critical factor when determining reasonable attorneys' fees. Second, Defendant claimed that Plaintiff's stated rates for his attorneys and paralegals exceeded prevailing market rates. Third, Defendant characterized Plaintiff's calculation of hours expended as excessive. Finally, Defendant asserted that several costs identified in Plaintiff's invoice were incurred in connection with Melvin Walker's case, and that, in any event, Plaintiff was not entitled to payment of his costs because he failed to file a bill of costs in accordance with Local Rule 54(D)(1).

On September 30, 2010, this Court referred Plaintiff's Motion to the Magistrate Judge for a R&R pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge heard oral argument and ordered Plaintiff to supplement the record on several issues. Plaintiff filed supplemental evidence of prevailing market rates for his attorneys, and a bill of costs requesting $608.92.

In a R&R entered on November 30, 2010, the Magistrate Judge recommended that Plaintiff's Motion be granted in part and denied in part. As to attorneys' fees, the

Magistrate Judge calculated the lodestar amount to be $7,061, but found that several

factors warranted a downward adjustment to "the contractually-agreed-upon contingency

fee of . . . $4,000." (R&R 12.) On the issue of costs, the Magistrate Judge recommended

that Defendant be ordered to pay $573.92—Plaintiff's requested amount, less $35.00 in

costs incurred after service of the Offer of Judgment.

Defendant objects to the R&R on three grounds. First, Defendant argues that the

Magistrate Judge improperly calculated the lodestar amount by accounting for hours

spent on a "legal nullity"—that is, time spent on Plaintiff's failed attempt to join as a

plaintiff in Melvin Walker's case. Second, Defendant contends that the forty percent

contingency fee should be applied to $2,230.69, not $10,000, because Defendant paid

Plaintiff $7,769.31 before Plaintiff instituted this action. Finally, Defendant objects to

any award of costs beyond the $350 filing fee.

## II. STANDARD OF REVIEW

The Court reviews *de novo* any part of the Magistrate Judge's report and

recommendation to which a party has properly objected. *See* Fed. R. Civ. P. 72(b)(3); 28

U.S.C. § 636(b)(1)(C). A reviewing court may accept, reject, or modify, in whole or part,

the Magistrate Judge's recommended disposition. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C.

§ 636(b)(1)(C).

## III. ANALYSIS

### A. Attorneys' Fees

When determining an award of attorneys' fees, the court must first calculate the

lodestar amount by multiplying the number of hours reasonably expended by a

reasonable hourly rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). This approach, commonly called the lodestar method, generates a presumptively reasonable fee. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564, 106 S. Ct. 3088, 3098 (1986).

However, "calculation of the lodestar 'does not end the inquiry.'" *Lyle v. Food Lion*, 954 F.2d 984, 989 (4th Cir. 1992) (quoting *Del. Valley Citizens' Council*, 478 U.S. at 565, 106 S. Ct. at 3098). The district court has discretion to adjust the fee upward or downward as it deems appropriate, so long as this is "done on a principled basis, clearly explained by the court." *Id.* The Fourth Circuit has instructed that a district court's discretion should be guided by the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the out-set of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243–44.

In this case, the Magistrate Judge calculated the lodestar amount to be $7,061, but found that the following factors favored reducing the award to $4,000: (1) "the unusually short duration of the litigation"; (2) the "relatively modest" judgment amount of $10,000; and, most importantly, (3) "counsel's own expectations, both at the outset of litigation

and upon consideration of the Offer," evidenced by Plaintiff's Retainer Agreement with
his counsel. (R&R 10–11.)

Defendant agrees that the contractual fee arrangement is "an appropriate factor" to
consider when adjusting the lodestar amount, but disputes the Magistrate Judge's
calculation of the fee due in this case. (Def.'s Objections 7.) The Magistrate Judge
applied the forty percent contract fee to the $10,000 Judgment in Plaintiff's favor.
Defendant, however, contends that the percentage fee should be taken from $2,230.69—
the amount which Defendant contends Plaintiff "gained" as a result of this lawsuit. (*Id.*
at 8.) Defendant reasons that its June 8, 2010 payment of $7,769.31 to Plaintiff "was not
the result of settlement or a lawsuit," but rather an independent unconditional payment
not subject to the contingency fee. (*Id.*)

Defendant's argument fails for several reasons. First, the Retainer Agreement
here provided that Plaintiff's attorneys would be entitled to "*Forty (40%)* of any
recovery, obtained by settlement or Forty (*40%*) if a law suit is filed." (Pls.' Mot. Award
Ex. F (emphasis in original).) Inartfully drafted as it may be, the clear import of this
provision is that Plaintiff's attorneys expected to receive forty percent of "any recovery"
obtained in Plaintiff's case, regardless of whether the case settled out of court or
proceeded to litigation. (*Id.*)

"Recovery" is not synonymous with "gain," and Defendant errs by conflating the
two. *Compare* Black's Law Dictionary 1389 (9th ed. 2009) (defining "recovery" as
"[t]he regaining or restoration of something lost or taken away[,] . . . [t]he obtainment of
a right to something (esp. damages) by a judgment or decree[,] [or] [a]n amount awarded

6

in or collected from a judgment or decree"), *with id.* at 747 (defining "gain" as "[a]n increase in amount, degree, or value"). The judgment amount is therefore the appropriate measure of "recovery" for the purposes of calculating the contingency fee in this case.

It is undisputable that the judgment amount was $10,000. (*See* Judgment in a Civil Case (Sept. 10, 2010) (providing that judgment "is entered in favor of Plaintiff, Christopher L. Walker and against Defendant, Dovetails, Inc. in the amount of $10,000.00 (ten thousand dollars)").) Contrary to Defendant's assertions, the June 8, 2010 payment of $7,769.31 was not separate and apart from this judgment amount. While the payment may not have had any strings attached when made, the subsequent Offer of Judgment expressly contemplated that the June 8, 2010 payment would be credited toward Defendant's satisfaction of the $10,000 judgment. (*See* Pl.'s Mot. Award Ex. A (providing that the $10,000 judgment would be "subject to a credit for the amount already paid in the amount of $7,769.31 for a net amount due of $2,230.69)").) This did not alter the judgment amount, but rather only affected Defendant's payment of that $10,000 judgment.

In addition, common sense dictates that the June 8, 2010 payment should be included as part of Plaintiff's recovery. When Defendant made the $7,769.31 payment to Plaintiff, Defendant was well aware that Plaintiff had rejected the terms of Defendant's settlement with the DOL, reserved his right to sue, and filed a consent to join as a plaintiff in his brother's lawsuit. Defendant chose to pay Plaintiff $7,769.31 because that is the amount "Capitol had determined was a fair and reasonable calculation of any monies due [Plaintiff]." (Def.'s Mem. Opp'n 4 ¶ 6.) Although Defendant did not seek a

7

release of claims in exchange, Defendant apparently viewed the "unconditional" payment as providing complete relief to Plaintiff. (*See* Def.'s Objections 4 ¶ 8 (emphasizing that Plaintiff's subsequent Complaint "provided no hint of the amount of any monetary recovery to which [Plaintiff] felt entitled after receipt of the unconditional payment of $7,769.31").) When Plaintiff later filed suit, Defendant sought to ensure that the June 8, 2010 payment would be credited toward satisfaction of the judgment. That the payment was expressly incorporated into the Offer of Judgment supports including it as part of Plaintiff's recovery in this case.

For these reasons, Defendant's objection that the Magistrate Judge improperly calculated the contractual contingency fee will be overruled, and this Court will adopt the recommendation that Defendant be ordered to pay $4,000 in attorneys' fees.[1]

## B. Costs

Defendant objects to being charged any costs beyond the $350 filing fee. Defendant asserts that nothing occurred in this case before the offer of judgment on August 9, 2010, and thus there could be no "[f]ees for printed or electronically recorded

---

[1] Because this Court finds that a downward adjustment of the lodestar to $4,000 is appropriate, the Court need not address Defendant's objection that any "time incurred in pursuing a mistaken legal theory and legal nullity is not time reasonably incurred in connection with a later, properly filed lawsuit." (Def.'s Objections 6.) Defendant here refers to time spent attempting to settle Plaintiff's claims and attempting to join Plaintiff to his brother's action before Plaintiff filed suit. Assuming for the sake of argument that the "hours expended" component of the lodestar should exclude these hours, the record contains no indication that the lodestar, so calculated, would drop below $4,000. Rather, it appears that the lodestar would fall somewhere between the lodestar calculated by the Magistrate Judge ($7,061) and $4,000. (*See* Pl.'s Mot. Award. Ex. E (listing time entries); *see also* R&R 9 (finding that much of the charged time was spent in conferences with Plaintiff).) Because this Court finds that the factors set forth in *Robinson* warrant an award of only $4,000, Defendant's objection concerning the so-called "legal nullity" is a moot point.

transcripts necessarily obtained for use in the case," which totaled $223.92. (Def.'s Objections 9 (quoting Bill of Costs, Pl.'s Supplemental Evidence Ex. B, at 3).)[2]

An examination of Plaintiff's attorneys' invoice, however, reveals that $223.92 were charged to Plaintiff between July 6, 2010, and July 27, 2010 for reporting fees and invoices from Capitol Reporting Company and Cook & Wiley, Inc. (Pl.'s Mot. Award Ex. E.) The Court will not penalize Plaintiff's counsel for obtaining necessary documents in the weeks immediately preceding the filing of Plaintiff's Complaint. Defendant's objection will therefore be overruled.

### III. CONCLUSION

For the reasons stated above, Defendant's objections will be overruled, and this Court will adopt the R&R. Accordingly, Plaintiff's Motion and Supplemental Motion for Award of Attorneys' Fees and Costs will be granted in part and denied in part, and Defendant will be ordered to pay $4,000 in attorneys' fees and $573.92 in costs.

An appropriate Order will accompany this Memorandum Opinion.

_____/s/_____
Henry E. Hudson
United States District Judge

Date: *Feb 23, 2011*
Richmond, VA

---

[2] Because this Court agrees with the Magistrate that the $35 charged under that listing should be excluded as costs incurred after service of the Offer of Judgment, Defendant's objection that there could be no "fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in a case" is moot.